the fourth district appellate court of the state of illinois has now convened the honorable craig hd armand presiding morning gentlemen good morning morning your honor this is 4-20-0354 people of the state of illinois versus malia white would counsel for the appellant please state your name your honor this is peter wise from malia white all right mr wise and counsel for the appellee could you please state your name for the record luke mcneil thank you counsel you may proceed okay yeah you know actually it's been a while since i've argued a a case in the fourth district and i've always enjoyed doing so it's a little easier going to the courthouse because i i know my way there and i know how to walk from council table to the podium uh and i've always enjoyed doing that and you know when i heard this was going to be a you know a zoom argument i thought well you know so be it but then i thought you know this is a great case to do a zoom argument because we are virtually present and that's what this case is all about i mean this is the perfect case uh to argue uh because the court mr mcneil who i've not had the pleasure of meeting hello uh and myself we are we are virtually present you know in a courtroom we could i could if we if this we could prove that zoom is is a uh you know is is a software based and that we're internet connected and this is an environment um you're getting created by software connected by the internet and and that we are as virtually present requires uh that we appear in front of one another uh on electronic device our screen and that we're talking to one another communicating one through another through a live feed and we're communicating to one another through uh sight or sound or both through a video image and we're interacting that's virtual presence what happened back in may 18 wasn't virtual presence a picture was sent it appeared on wb's screen on his phone for a few seconds and disappeared not before he surreptitiously took a picture of it and kept it and the picture went off into the ether somewhere uh and he kept the picture that was not virtual presence but this case this this prosecution this sexual exploitation statute under which this prosecution happened it's it's based upon the presence of the adult offender and the child victim that's what it's all about i have to get my time going i lost that excuse me so the exploitation that is criminalized by the statute happens when the adult in this case a woman exposes her breast in the presence of a child and the adult knows or intends that the child will see that act either while they're physically present or that presence happens virtually that the adult knows the child will see that act from the get-go in this case the state the state was never concerned with whether with with establishing that malia white was present with wb right out of the box this case the state was never concerned with proving that malia white exposed herself to wb because they thought that sending pictures constituted sexual exploitation of a minor it doesn't it never has never will there's other statutes that might address sending pictures but this statute does not and that's what they charged the state charged that malia sent pictures of her unclosed breasts to wb's virtual presence the state made up the con the concept of wb's virtual presence and ignored the concept of the virtual of of malia white being present virtually with wb didn't do it there's no allegation in the information that malia white was virtually present with wb that's what the statute requires but what you seem to be arguing mr wise is that it must be contemporaneous the two of them must be virtually present one another at the same time absolutely that because the statute requires one of the elements of the statute is that the actor in this case malia know that who that that will that wb i'm sorry sees her act of exposing her breast and how can she know that if this is not some contemporaneous if they're not together you know if you know in in a case where they're physically present if they're you know in the same room across the same yard you know wherever they are uh or if if they're in the same virtual space in the same facebook or you know the same zoom meeting the same skype space the same facebook wherever it might be uh the the same skype you a picture isn't going to cut it a picture is some record of some past act it's not a virtual space it's not so yes contemporaneous is a good word that i've been searching for for a long time the the thing is you read the language of the statute and it says presence or virtual presence of or both it doesn't speak to the time in which we capture that virtual presence well the in the presence or virtual presence or both of a child without qualifying or telling us that they have to be at the same time i understand your argument but i'm looking for it in the black letter law and i'm not seeing it well i mean they're there you could find a circumstance where you're both where you're both physically present and virtually present um where you're in the same room and also on a camera um that that could be that that could happen uh in some some studio type setting yes i i could see that in some some setting like that i i but but yeah i i could see that but that that's not this setting where um that that's not this setting i could see it but that's not this setting but uh so so no act and and no act of exposing was actually charged here an act of sending a picture was charged but sending a picture is not an act of exposing it's just it's it's not um and and since the state was focused on this pleading and proving that malia white sent a picture they didn't even bother to plead the element of the offense that that she knew or that that i'm sure that she knew or intended that wbc that her act of expose that tc her act of exposing herself now i understand and i'm very ready to accept the burden of establishing that since we're raising a pleading issue uh on appeal that she can demonstrate that she was prejudiced at trial as a result of the state's failure to precisely and accurately that the state's failure to precisely and accurately state an offense you know at trial with this pleading issue she had to choose between preparing a defense to this void charge or preparing a defense to the actual charge or or even both so at this bench trial she tried to educate the judge to the actual elements of the offense you know at in the opening statement she's we're telling the judge hey the state misunderstands the elements of this offense she explained to the judge that the state is approaching this as a sending statute sending but it's not a sending statute it's an exposing statute and but the state doubles down and says multiple times that sending pictures is what this statute is about it's what this contemplates and in the end the trial judge accepted the elements of the void statute to find malia white guilty and that that is a clear demonstration of prejudice he found her guilty because she intended he said that that uh that that wb would view the images that were said to him uh he did not find beyond a reasonable doubt that malia white committed an act of exposing her breasts knowing that wb would see that act he he didn't even begin to address that element of the offense he followed the void information and simply and made the comment that well hey she she he she would she intended that he would view those pictures that were sent to him there's no evidence of when these pictures were taken could have been two years ago for all we know uh and sending a picture is not what this sexual exploitation statute is about it's about exposing breasts in this case or sex organs or an anus in the presence or virtual presence of a child knowing that a child will see that act and the trial in this case you know when you use that void information as a roadmap i mean that's what's going to happen the state called wb to testify he testified that yeah uh she sent me those pictures on snapchat and his one or two sentence explanation was that's like texting but a different app he said you could take pictures uh you send pictures on on this texting like app uh and that some of the pictures uh that were sent had printing on them or words but this is not virtual presence they were not presence in any sense and this did not meet the definition of virtual presence in any sense where from where do you derive that definition you've argued virtual presence but what's your authority what is virtual presence well the the the definition of virtual presence is right in the sexual exploitation statute and and you know it's it's it's it's contained in the statute uh and you know someone in the legislature created the statute and you know uh the legislature has been defying elements of offenses for years and maybe somebody needs to send a memo to legislatures to the legislators that we as judges and trial attorneys have to turn these definitions into jury instructions but this is one that would be very very hard to turn into a jury instructions but it's right there in the statute it says it's an environment that is created with software and presented to the user and receive a receiver via the internet in such a way that the user appears in front of the receiver on a computer monitor a screen or handheld portable or electronic device usually through a web camming program whatever i mean a virtual presence includes primarily experiencing through sight or sound or both a video image that can be explored interactively at a personal computer or handheld communication device or both and then there's a definition of webcam that talks about what a live feed is and you know the the uh of this virtual presence element to the uh the to the uh statute uh there's a small the only um legislative history i could find i included in my reply brief you know talks about you know this kind of web camming uh happening um you know you know and the need for this type of uh this type of addition to the statute in addition to exploitation happening uh in the presence of a child so uh you know and and that's why i was added to to address live feed web camming exploitation the the type of live feed communication that we're and interaction that we're having right now um not sending pictures there's already a statute on the books to address that but i think what really nails this down that what happened in this case is not virtual presence is what happened what will what wb described when this picture reached him he described snapchat as as a picture only lasting for a few seconds before it before it self deletes or auto deletes and he surreptitiously i mean it's it was very clear that these two people were not on the same screen and not interacting with one another because apparently if you screenshot the picture the other person knows that and so he didn't want to do that so he had another phone and surreptitiously before the picture auto deleted he took a picture of it unbeknownst to malia now if if if if you look at the definition of virtual presence and the two people are interacting and uh through a live feed and in such a way that they're exploring uh a video image and uh you appearing in front of another you don't so you can't take a syrup you can't surreptitiously take a picture in that setting you just don't that's not virtual presence in any way shape or form but then the last issue we have to address as time is running short i think uh is the issue that this is not the image of a breast it's just not uh the the trial court found or ruled as i argued in the trial court and and the image clearly showed this is this is cleavage the the the statute requires an image that that malia white exposed you know the statute requires exposure of sex organs anus or breast this is not a breast the plain meaning of breast is breast with a nipple there's just that that's the end of the story this is cleavage the pictures show its cleavage um the prosecutor at trial argued all day all all day long if the legislature wanted nipple they could have added that that's a that's just not the right argument if uh that that's backwards uh you can't argue the legislature should have should have added that but the legislature meant what they meant when they said the word breast and the alternative is if it's ambiguous well you know ambiguous means if there's two reasonable constructions of the statute and you know if there is is you you look at look at ways to interpret the statute and i really think that howard case the seventh circuit case that uses the uh you know uh word you look at words you know judge words by their their neighbors the the latin phrase um really hits this home and and uh and that's a case where the seventh circuit in a really ugly case to find the word used where the government uh very broadly word used the words used in the that sexual exploitation case uh and and the governor that the seventh circuit reversed said no you don't use the word use that broadly in that context and in this case um breast when paired with with with sex organs and anus the exploitative anus and sex organs are immediately exploitative and for breast to have that immediately sex quantity or quality it's a it's a it's a breast with a nipple uh cleavage which you know uh you you look at anything you look at tv you look at the internet you look at you know that cleavage is not in and of itself exploitative um and that's what these were wise your time is up you will be given an opportunity to argue in rebuttal thank you mr mcneil may it pleases the court counsel um we have to remember both of these arguments two and three are sufficiency of the evidence arguments so um we're looking at the at the evidence in line most favorable to the prosecution and allowing all reasonable inferences there simply isn't a requirement in this statute um that a nipple be shown and the trier of fact was allowed to make that same inference the statute here requires the defendant exposed her sex organs anus or breast for the purpose of sexual arousal or gratification that's the difference between uh an instagram post of someone in a bikini or on the tv or something like that that isn't sent to a specific purpose person for the purpose of sexual gratification here that's exactly what the defendant did and it was an interactive experience there was testimony and text on the work on the photos themselves that showed that these two were having a conversation this wasn't just a a picture out of the blue that the defendant sent to wb so as per the the definition of breast there isn't one in this case so the trier of fact was allowed to uh reasonably infer that the amount of breasts that needed to be shown and there's no requirement no uh specific mentioning of the word nipple at all in this statute a defendant cites a couple favorable definitions in his reply brief of nudity and intimate parts those are from different offenses different section of the criminal code first it should be noted this this charge is in the vulnerable victims offenses section of the code the two uh definitions that defendant cites in his reply brief are from the obviously adult victim section of the criminal code but anyway the point remains as lagoo court stated both of us cited in our briefs we cannot conclude that the legislature simply forgot to include the exception in one section particularly when the legislature included that language where it intended in a separate statutory section so obviously the legislature was well aware they could have defined breast more specifically however this is a vulnerable victim's offense of the broader definition uh is is apt here especially when the absurdity comes out if we use the entire uh there's no requirement for a defendant to expose their entire sex organ or entire anus clearly in any portion of those would satisfy the statute so here like there uh this portion and again the the pictures of defendant it's not like a little bit of of breast is showing these were topless pictures of the defendant so clearly especially when looking at that evidence is most favorable to the prosecution and allowing all reasonable inferences the uh the definition of breast here was satisfied that moment was satisfied defendant argues um as for the charging instrument that the element of knowledge uh wasn't alleged uh this wasn't raised in defendant's opening brief it wasn't mentioned until her reply brief so that argument is forfeited it's been that way since the 70s and the most recent uh case for this court is people versus pope of may of 2020 said said quote issues or arguments that a party fails to raise and the party's initial brief cannot be later raised in a reply brief so clearly that knowledge element argument is forfeited that's why i didn't argue it in my brief because it wasn't raised yet um of course if you do look at the merits of that the knowledge element was never contested here it's clear that defendant was using her phone and exchanging messages with the uh victim wb on his phone so this was knowledge wasn't really a disputed factor here uh also i would mention he uh council mentioned that zoom is an example of simultaneous presence or virtual presence i checked it's not part of the record but it's available on your smartphone as well so i don't i don't see how that would uh help defendant's position here um as for the virtual presence argument that definition again it's an environment that is created with software and presented to the user and or receiver via the internet in such a way that the user appears in front of the receiver or the computer monitor screen handheld portable electronic device usually through a webcam program there's nothing in here that states anything about the presence being simultaneous or contemporaneous in fact the webcam webcam is also defined in this statute and it's defined as a video capturing device connected to a computer or computer network that is designed to take digital photographs or live or recorded video which allows for the live transmission to an over the internet in other words a photograph or a lot of recorded video they they differentiate between live and recorded video obviously a recorded video is recorded sometime in the past a digital photograph is taken sometime in the past it's when it's transmitted to an end user over the internet is when uh the webcam definition uh takes its takes its hold here that's clearly what happened and i would say it says allows for the live transmission to an end user over the internet i would differentiate the live transmission being the difference between here where it was defendant personally sending a personal message to one specific underage person's phone and not a defendant posting these wide on the internet on her instagram or facebook or that would be this was the specific end user being wb so the webcam definition really shows that there's no way that simultaneous presence was required in virtual presence so mr mcneil uh under your theory uh it doesn't matter when the photos were taken if uh the defendant still would have been guilty of the uh the offense if she had forwarded uh to the uh the victim photos of herself taken 10 years uh in the past yes as as long as this as long as it's established that this is a direct communication between the two i don't think the timeline of the photographs matters and again even if this was a live transmission uh defendant says that the counsel stated that the snapchat photos disappear after a couple of seconds i don't think uh somebody on a live webcam virtually exposing themselves i don't think it matters that it would be for only a couple seconds so i don't think that argument holds much weight either um well i think i think mr wise's argument is that they have to both be on line or be viewing both offering and viewing the image at the same time that's that was what i gleaned from his argument so i would say that there was a reasonable inference to be made that these were there was photo they were wb was talking about his shoes or something like that and then defendant sends a topless picture commenting on his shoes i would say that now you seem to be conceding that i asked mr wise about the definition of virtual presence i think it is and and he read that and we've seen it no other real authority as to what that is are you conceding that that language isn't there no i'm just conceding that if a reasonable inference can be made in this case that this was an interactive uh thing uh interactive between defendant and wb at the same time um there is nothing in the statute in the definition of virtual presence or webcam that simultaneous presence has to be involved again uh he presented to the user or receiver via the internet in such a way that the user appears in front of the receiver the the receiver does not have to appear in front of the user to satisfy this virtual presence statute and the legislative notes that defendant talks about are from 2010 smartphones have evolved quite a bit since then but i would argue that the definitions as they're stated in the 2010 version of this uh that the elements here were met and defendant was properly charged the other the other alternative charges that defendant mentions in his brief have to do with uh just distribute simply distributing obscene material to a child that is not this case this is not a convenience store clerk selling a dirty magazine to a kid this is the end user receiving a picture of the of the defendant herself topless so i think this is exactly the kind of uh exposure that the legislature intended when they came up when they amended this to include virtual presence and i wouldn't be surprised if they amended again to include specifically any kind of uh whatever apps in the future uh to specifically note that that is involved but clearly under the sufficiency of the charging instrument we know that the defendant wasn't prejudiced in the preparation or defense because she raises the exact same arguments here as she did it at trial so clearly she was apprised of the charges against her there was no mystery as to what photographs were involved here or uh the the uh charges against her again she she she raises the same ones here in this appeal so the sufficiency and again this since it was first raised on appeal um it's sufficient the defendant was not prejudiced in the preparation her defense as a result the way the charge was drafted that's the um again that's the uh standard of review on appeal due to it being first raised here so i would uh state that the sufficiency of evidence here was um proved defendant guilty beyond a reasonable doubt and the charging instrument itself was also sufficient and um if there are no more questions i thank the court all right i see none thank you mr mcneil mr wise rebuttal you're on mute mr wise you there you go there okay thank you okay there there is a statutory construction argument regarding the definition of virtual presence and there is a statutory construction argument regarding the definition of breast that this court reviews de novo uh they are narrow statutory construction arguments that are part but they are different from the sufficiency of the evidence arguments so this is not simply a sufficiency of the evidence argument there is those two parts of this case are statutory construction arguments that are reviewed de novo by this court uh so that this isn't just simply a sufficiency of the evidence argument with respect to the definition of of um virtual presence and this issue of interactive um yes there was evidence uh that you know uh wb testified that um that uh that uh sent a a picture and that he responded back he testified that this is in the manner of texting um when i when we communicate by text if you and i having a text communication about a ball game and uh and and i i i send you a a picture of an iowa hawkeye football game that i'm at uh of of of a touchdown and you send me a a picture back a great play we are not virtually present because we send pictures back and forth uh uh that that's not interactive in the definition of virtual presence uh interactive means we are we are in real time that that's that's completely different uh texting communication where i put a a note on a picture and send it to you and you send a note back is not what is contemplated by the virtual presence statute not not not in any way shape or form uh and as far as um as far as this the the definition of you know you have to weave all the elements of the statute together with this idea of virtual presence and i i think the the the thing that that stands out is that this it has to be a video feed so that uh the the element that the actor the defendant has to know that the child sees her act that has to be a video feed uh that the exposure happens where they're they're acting where the action happens contemporaneously where that they're they're as judge kavanaugh says they're they're together contemporaneously virtually that's the only way that can happen uh a picture is not going to work when you when you uh when you work in when you put those elements together and uh all elements of the statute have to work together you can't ignore them uh you can't make one vestigial or or uh or or you can't you can't ignore an element of the statute when you're when you're reading you have to read all of them that's the rule uh and when you do that uh you have to you have to have a video a video feed uh and uh and and interactive means people together virtually thank you all right thank you mr wise thank you gentlemen court will take this matter under advisement and courts in recess